# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC.<br><br>v.<br><br>McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC | CIVIL ACTION<br><br>NO. 17-694 |

### MEMORANDUM RE: PLAINTIFF'S MOTION FOR STAY OF ORDER DISQUALIFYING PLAINTIFF'S COUNSEL

**Baylson, J.**                                                            May 14, 2018

      When the Court entered an Order of Disqualification of Plaintiff's current counsel, it allowed Plaintiff thirty (30) days to retain new counsel. The Court will **GRANT** the stay to the extent that an additional sixty (60) days will be allowed for this purpose. The Court does not envision any prejudice to McGraw-Hill from a further delay.

      The Court notes that Plaintiff is seeking to file a mandamus petition and takes no position on that.

      However, the Court does take serious exception to Plaintiff summarizing McGraw's motion or this Court's Order as resulting from the assertion that Plaintiff's lawyers "spoke with former McGraw-Hill employee, Mary Masalin-Cooper . . ." – as a gross misrepresentation of the facts. The Court's detailed opinion sets forth accurately the material facts of record which warranted the disqualification order. The undersigned regretted having to enter this Order, realizing that Plaintiff's counsel have extensive copyright expertise and provided very competent counsel to Plaintiff in this and other cases.

      The Court notes that there are numerous cases which have held that an order of disqualification of counsel is not appealable. See, e.g., Richardson-Merrell, Inc. v. Koller, 472

1

U.S. 424, 440, 105 S. Ct. 2757, 2766, 86 L. Ed. 2d 340 (1985) ("We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291."); Cunningham v. Hamilton Cty., Ohio, 527 U.S. 198, 210, 119 S. Ct. 1915, 1923, 144 L. Ed. 2d 184 (1999) ("[W]e conclude that a sanctions order imposed on an attorney is not a 'final decision' under § 1291."); United States v. Whittaker, 268 F.3d 185, 192 (3d Cir. 2001) ("We also recognize that when a court disqualifies counsel in a civil case, its order is not immediately appealable.").