IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC.<br><br>v.<br><br>McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC | CIVIL ACTION<br><br>NO. 17-694 |

**MEMORANDUM RE: DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

In this copyright infringement case, Defendant has moved for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, seeking a ruling that Plaintiff is not eligible for statutory damages stemming from any copyright infringement of the photographs at issue.

The underlying case before this Court is Plaintiff's second copyright infringement action against Defendant. The first action (the "2012 Action")[1] was the subject of a mini-trial and later, a settlement.

This second case is about very similar alleged copyright infringements—via Defendant's reprinting of books containing Plaintiff's images—which occurred after the 2012 Action was settled. Defendant has conceded liability for copyright infringement, but disputes Plaintiff's eligibility for statutory damages pursuant to 17 U.S.C. § 504. In the 2012 Action, this Court ruled that none of the photos at issue in that case were eligible for statutory damages.

---

[1] See Grant Heilman Photography, Inc. v. McGraw-Hill School Education Holdings, LLC, et al., 12-cv-2061 (E.D. Pa. Apr. 18, 2012).

## I. Factual and Procedural Background

On April 18, 2012, Plaintiff commenced the 2012 Action against Defendant, alleging copyright infringement. In September, 2014, the Court conducted a mini-trial of 53 claims (out of Plaintiff's more than 2,300 claims). The Court ultimately granted Defendant's Motion for a Directed Partial Verdict, on the grounds that none of the photos at issue were eligible for statutory damages. Specifically, the Court concluded that none of the photos at issue in the mini-trial were eligible for statutory damages because Defendant had infringed the same photos in earlier textbooks before Plaintiff obtained copyright registrations for the photos. In other words, where infringements of photos began prior to their registration dates, Defendant could not be liable for statutory damages.

Of the eight photos that this Court found ineligible for statutory damages, six have subsequently been pleaded as the basis for Defendant's liability in the present case (the "2016 Action"). Additionally, another twelve photos now being pled in the 2016 Action were subject to the jury's verdict in the 2012 Action, where the evidence at trial showed Defendant's infringement began prior to the photos' registrations.

Following the mini-trial, but prior to a new trial of all remaining claims in the 2012 Action, the Court granted Defendant's Motion for Summary Judgment on the issue of statutory damages, thereby precluding Plaintiff from pursuing statutory damages for any of its claims in that case. In doing so, the Court concluded that all infringement by Defendant had commenced prior to the photos' registration dates. That Motion addressed fifty-five photos, nineteen of which are the subject of allegations in the 2016 Action.

On March 2, 2016 (the "Settlement Date"), the parties reached a voluntary settlement of all remaining claims in the 2012 Action. However, on October 14, 2016, Defendant disclosed by letter to Plaintiff that it had continued to infringe on Plaintiff's copyrights after the Settlement Date. In that letter, Defendant claimed its post-settlement infringements were inadvertent. Plaintiff subsequently filed this suit for copyright infringement in the Northern District of California, on December 23, 2016. (ECF 1). The case was transferred to this District on February 14, 2017. (Id.).

The Complaint contains only one cause of action, for copyright infringement, for which Plaintiff seeks monetary damages, injunctive relief, and interest. Plaintiff also seeks statutory damages, pursuant to 17 U.S.C. § 504(a).

The present Motion for Partial Summary Judgment, seeking a ruling that Plaintiff's claims are ineligible for statutory damages, was filed on May 9, 2017 (ECF 18, "MSJ"), renewed on September 15, 2017 (ECF 29, "RMSJ"), responded to on November 3, 2017 (ECF 40, "Pl. Resp."), and replied to on November 21, 2017 (ECF 45, "Def. Rep."). Consistent with this Court's Rules, the parties submitted statements of undisputed facts (ECF 19, 41), which the Court drew upon in laying out the factual background above.

## II. Relevant Statutory Language

The relevant statutory provision is 17 U.S.C. § 504(a), which states, in pertinent part,

> (a)IN GENERAL.—Except as otherwise provided by this title, an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c).

This provision is read in tandem with 17 U.S.C. § 412(c), which states in pertinent part,

> **. . . no award of statutory damages or of attorney's fees, as provided by sections 504 . . . shall be made for—**

3

> **(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration[.]**

### III. Parties' Arguments

Defendant contends that 57 of the 60 photos pleaded by Plaintiff in this case were previously infringed by Plaintiff prior to the photos' registration dates, and in any event, that most of the 57 photos were already found ineligible for statutory damages by this Court during the 2012 Action. Moreover, Defendant asserts that 37 of the copyright registrations pleaded by Plaintiff (which encompass 59 of the 60 photos pleaded by Plaintiff) were infringed prior to their registration dates. Lastly, for the sixtieth photo at issue, which Defendant calls "Row 73," Defendant states that there was no unauthorized use of the photo.

In response, Plaintiff contests Defendant's characterization of its prior infringements, asserting that Defendant's infringements made after the Settlement Date should be considered new and distinct from, rather than continuations of, Defendant's prior infringements, such that Plaintiff may pursue statutory damages for their claims in the 2016 Action. Specifically, Plaintiff contends that Defendant stopped infringing Plaintiff's copyrights, as evidenced by declarations submitted in furtherance of Defendant's opposition to Plaintiff's motion for a permanent injunction in the 2012 Action, in which the declarants swore under oath that Defendant was making efforts to ensure that the photos at issue in the mini-trial would not continue to be published. Stated succinctly, Plaintiff asserts that Defendant "cannot get summary judgment in this case by contradicting what it told the Court to avoid a permanent injunction in the" 2012 Action. (Pl. Resp., at 3-4). Lastly, Plaintiff suggests that, because there is no controlling precedent on the effect of the parties' settlement of the 2012 Action on the issue

of statutory damages eligibility, the Court should deny the Motion and allow the parties to develop a fuller factual record.[2]

## IV. Legal Standard

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, "by citing to particular parts of materials in the record" set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A). "Speculation and conclusory allegations do not satisfy [the non-moving party's] duty." Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "that a genuine issue of material fact exists and that a reasonable factfinder

---

[2] Plaintiff characterizes the question presented to this Court as "whether the jury verdict and entry of judgment in a mini-trial, followed by settlement and dismissal of previous copyright infringement claims, breaks continuity of infringement for purposes of [17 U.S.C. § 412]."

could rule in its favor." Id. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

V.     **Analysis**

**A. Legal Framework and Question Presented**

In assessing the scope of 17 U.S.C. § 412(c), the Court begins with the statutory language itself, which, as detailed above, states that "no award of statutory damages . . . shall be made for – any infringement of copyright in an unpublished work commenced before the effective date of its registration." The parties' present dispute turns on the term "commenced." All courts that have considered this general issue have held that copyright infringement "commence[s]" "when the first act in a series of acts constituting continuing infringement occurs." Johnson v. Jones, 149 F.3d 494, 505 (6th Cir. 1998); accord, e.g., Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 701 (9th Cir. 2008); Bouchat v. Bon–Ton Dep't Stores, Inc., 506 F.3d 315, 330 (4th Cir. 2007), cert. denied, 553 U.S. 1014 (2008); Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 (2d Cir. 2007); Mason v. Montgomery Data, Inc., 967 F.2d 135, 142–44 (5th Cir. 1992).

However, this is not the end of the inquiry in the present case, as Plaintiff challenges whether the "first act[s] of infringement" by Defendant—which undisputedly occurred prior to the effective date of their respective copyright registrations—can be considered part of a "series of ongoing infringements of the same kind." Derek Andrew, 528 F.3d at 701. According to Plaintiff, there is a "legally significant difference between [Defendant's] pre and post-registration infringement, id., because: (1) Defendant represented to the Court through sworn declarations

6

that it was "taking steps" to stop infringement of Plaintiff's photographs in its books;[3] and, (2) the parties reached a voluntary settlement of the 2012 Action.

Neither the parties nor this Court has been able to find a case considering the central question presented in this Motion:

Where parties reached a prior settlement regarding copyright infringements that began pre-registration, should post-settlement, post-registration infringements be considered part of the same series of infringements? In other words, does an intervening settlement break the continuity of infringement such that any further infringements "commence[d]" post-registration?

### B. An Intervening Settlement Has No Effect of Continuity

There is no basis—in the language of Section 412 or otherwise—for adding an exception into the framework that courts utilize to determine when infringements "commenced." In general, a series of infringements that continues into the post-registration time period can be considered "continuous" such that any associated pre-registration infringements effectively preclude a plaintiff from pursuing statutory damages. The Court notes, however, that in two situations, each discussed below, a series of infringements might not be considered "continuous."

The first situation in which a post-registration infringement might not be a "continuation" of pre-registration infringements is where the infringer stops infringing for an "appreciable duration of time." Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 159 (2d Cir. 2007). Plaintiff does not contend that Defendant ceased infringing its copyrights for any "appreciable duration of time." Therefore, this situation does not apply here.

---

[3] Plaintiff suggests that Defendant should not be able to prevent Plaintiff (i.e., should be "estopped") from pursuing statutory damages where Defendant's sworn declarations stated it was "taking steps" to prevent future infringements. This quasi-equitable argument fails at the outset, because Defendant obtained no advantage when those steps failed: Defendant remains subject to liability for its admitted infringements, irrespective of Plaintiff's eligibility for statutory damages. Section 412 "leaves no room for discretion . . . so long as the alleged infringement commenced before the registration of the copyright." Filtration Solutions Worldwide, Inc. v. Gulf Coast Filters, Inc., 2010 WL 1254577, at *2 (W.D. Mo. Mar. 24, 2010).

The second situation in which a post-registration infringement might not be a "continuation" of pre-registration infringements is where there is a "legally significant difference" between the pre and post-registration infringements. Derek Andrew, 528 F.3d at 701. Plaintiff claims that Defendants' "post-registration reprintings are new and distinct infringements because the continuity of [Defendant's] infringing conduct was broken in a legally significant way." (Pl. Resp., at 11). However, the key question is not whether settlement serves as a "legally significant way" to break the continuity. Instead, as demonstrated in each of the excerpts below, the inquiry in which courts have engaged, when considering whether there is a "legally significant difference" between infringements, has been whether the infringements were "of the same kind." Derek Andrew, 528 F.3d at 701.

- There is no legally significant difference between the pre-registration conduct and the post-registration conduct . . . . Each act of infringement stems from the initial acquisition and copying of Morgan's drawings by Hawthorne Homes, and their later use by the subsidiaries of Hanna Holdings.

Morgan v. Hawthorne Homes, Inc., No. 04-cv-1809, 2011 WL 2181385, at *3 (W.D. Pa. June 2, 2011).

- [T]he Court can find no legally significant difference between Kaufman's distribution of the CFO Wise 2008 Manual and his distribution of the CFO Wise 2009 Manual. Although the CFO Wise 2008 Manual may differ somewhat from the 2009 version, the same person, Kaufman, allegedly copied the same copyrighted work, the 2005 Manual, when he drafted both CFO Wise Manuals. **The 2009 CFO Wise Manual constituted the same kind of alleged copying as the 2008 CFO Wise Manual.**

B2B CFO Partners, LLC v. Kaufman, 787 F.Supp.2d 1002, 1012 (D. Ariz. 2011) (emphasis added)

- Shah began infringing the City's copyright in 2006, and continued his infringing activity by repeatedly copying and using the Logo on various web sites, business cards, letterheads and t-shirts and hats. . . . Contrary to the City's arguments, there is no legally significant difference between the pre-registration conduct and the post-registration conduct that would suggest that the alleged infringement was anything but an ongoing series of infringements that commenced in 2006. Each act of infringement stems

from the initial acquisition and copying of City's Logo by Shah.

City of Carlsbad v. Shah, 850 F. Supp. 2d 1087, 1103 (S.D. Cal. 2012) (citation omitted)

- Whether Pre- and Post-registration Infringement Are Legally Different [Heading]. . . . When the same defendant infringes on the same protected work in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements. . . . [T]he TimeLife Video Compilation and SOFA Video Compilation use the same copyrighted material in substantially the same way. . . . Accordingly, SOFA's use of the music and the alleged infringement are continuous in the sense that it is the same work in both the pre– and post-registration expressions.

Segura v. Sofa Entm't, Inc., No. 3:16-CV-0938-AC, 2017 WL 2532211, at *4–5 (D. Or. June 9, 2017)

Plaintiff has presented no evidence creating a genuine issue of material fact regarding whether Defendant's later infringements were "of the same kind." Instead, Plaintiff has emphasized only that there was a "legally significant" break in the continuity of the infringements by virtue of the parties' settlement. This is not the operative legal test, and it cannot salvage an otherwise deficient attempt to maintain a cause of action for statutory damages.

The Court also finds unconvincing Plaintiff's contention that it is most consistent with the purposes of the Copyright Act to "send a message" to "serial infringers" by enhancing penalties for post-settlement infringements, even where those infringements could otherwise be considered part of a series of continuing infringements that began prior to copyright registration. This argument ignores that a central goal of the Copyright Act is to incentivize prompt copyright registration. Johnson v. Jones, 149 F.3d at 505; see also Derek Andrew, 528 F.3d at 700 ("To allow statutory damages and attorney's fees where an infringing act occurs before registration and then reoccurs thereafter clearly would defeat the dual incentives of § 412."). By making this argument, Plaintiff essentially asks this Court to insert a statutory exception into a

9

congressionally-enacted statute which contains no language allowing plaintiffs in this position to pursue statutory damages. The Court declines to interject a new rule that the existence of a settlement creates a "discontinuity" in a series of otherwise continuous copyright infringements.

Plaintiff may still properly pursue its new claims for copyright infringement, but must do so without the prospect of enhanced statutory damages.

## VI. Conclusion

Defendants' Motion for Partial Summary Judgment (ECF 17) is hereby GRANTED. An appropriate Order follows.

O:\CIVIL 17\17-694 Grant Heilman v McGraw-Hill\Memo Re Motion For Partial SJ.docx